**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JANISHCIA COTTINGHAM,                     Case No. 1:21-cv-97
    Petitioner,

                             Barrett, J.
    vs.                                       Litkovitz, M.J.

WARDEN, OHIO                              **REPORT AND**
REFORMATORY FOR WOMEN,                    **RECOMMENDATION**
    Respondent.

Petitioner, an inmate in state custody at the Ohio Reformatory for Women, in Marysville,

Ohio, has filed a pro se petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,

challenging her convictions in the Hamilton County, Ohio, Court of Common Pleas in Case No.

B-1305052. This case is before the Court on the petition, respondent's return of writ, and

petitioner's reply to the return of writ. (Docs. 1, 5, 6).

## I.    PROCEDURAL HISTORY

### State Convictions and Sentence

On August 22, 2013, the Hamilton County, Ohio, grand jury returned a three-count

indictment charging petitioner with Aggravated Murder (Count One), Murder (Count Two), and

Felonious Assault (Count Three). (Doc. 4, Ex. 1). On September 9, 2013, petitioner, through

counsel, entered a plea of not guilty by reason of insanity. (Doc. 4, Ex. 3).

On October 10, 2013, the trial court found petitioner not competent to stand trial and

ordered her to undergo treatment. (Doc. 4, Ex. 6). On January 28, 2014, following treatment,

the court found petitioner restored to competency. (Doc. 4, Ex. 7).

On September 2, 2014, through different counsel, petitioner filed a motion to suppress

evidence seized incident to her arrest and all statements she made while in police custody. (Doc.

4, Ex. 8). After conducting an evidentiary hearing, which included the testimony of a

psychiatrist who had met extensively with petitioner and of one of the officers who had interviewed petitioner; hearing argument from counsel; and watching a DVD of petitioner's interview with police, the trial court found, on May 6, 2015, that petitioner was competent at the time she waived her *Miranda*[1] rights and denied the motion to suppress evidence and statements. (Doc. 4, Ex. 12; *see also* Doc. 4-1, Transcript from Suppression Hearing, at PageID 148-78; Doc. 4-1, Transcript from Suppression Decision, at PageID 198-206).

Thereafter, also on May 6, 2015, petitioner, through counsel, waived her right to a jury trial, withdrew her prior plea of not guilty, and pleaded guilty to amended and reduced charges of involuntary manslaughter, felonious assault, and child endangering, with an agreed upon sentence of twenty years.  (Doc. 4, Exs. 13, 14; *see also* Doc. 4-1, Transcript from Change of Plea Hearing, at PageID 208).[2]  In accordance with the plea agreement, petitioner was sentenced to an aggregate term of imprisonment of twenty years in the Ohio Department of Rehabilitation and Correction.  (Doc. 4, Ex. 16).  Petitioner did not appeal.

### First Delayed Direct Appeal

Petitioner filed a pro se motion with the Ohio Court of Appeals on January 3, 2020 for leave to file a delayed appeal of her convictions and sentence.  (Doc. 4, Ex. 17).  On January 22, 2020, the Ohio Court of Appeals overruled petitioner's motion for delayed appeal.  (Doc. 4, Ex. 19).  The Ohio Supreme Court denied further review on April 28, 2020.  (*See* Doc. 4, Ex. 23).

### State Post-Conviction Motion

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).
[2] Pursuant to petitioner's plea agreement, a second case, No. B-1400970, in which petitioner was charged with assault on an officer was resolved by nolle prosequi.  (Doc. 4-1, Transcript for Change of Plea Hearing, at PageID 231).

In the meantime, on January 14, 2020, petitioner filed a pro se petition to vacate or set aside the judgment of conviction, as well as pro se motions to appoint counsel and for expert assistance. (Doc. 4, Exs. 25-27). On March 6, 2020, the trial court denied the petition to vacate or set aside the judgment, implicitly denying the motions to appoint counsel and for expert assistance. (Doc. 4, Ex. 28). Petitioner filed a letter with the trial court in September 2020, which the trial court construed as a motion for judicial release. (*See* Doc. 4, Ex. 29). The trial court denied the motion on October 2, 2020. (Doc. 4, Ex. 30).

### Federal Habeas Corpus

In February 2021, petitioner filed the instant federal habeas corpus petition, raising the following three grounds for relief:

> **GROUND ONE:** Robin experienced fevers prior to her demise week before her passing.
>
> **Supporting Facts:** Cincinnati Children's Hospital Medical Center records of 08/09/2013 with Pt. Robin Cottingham 15 mos. w/ her parent Janishcia Cottingham. She experience fever and cold symptoms. Fever up to 101 at daycare yesterday. Also documents on how I am her only active parent her whole life with no support from family or friends.
>
> **GROUND TWO:** Documents of my child smother with a pillow but, with (sic) evidence of this described pillow ever being tested.
>
> **Supporting Facts:** Letter from Hamilton County Coroner stating no analytical report with that description in our system. At arrest reports of, Ms. Janishcia Cottingham in a "somewhat catatonic state" before being interrogated.
>
> **GROUND THREE:** I was placed several psychiatric, medicines on 08/16/2013 a day after processed into County Jail up until 05/13/2015.
>
> **Supporting Facts:** I signed a plea deal of twenty year sentence after receiving two Thorazine injection both 25 mg/ml 4 quantity, three Diphenhydramine injection 50 mg/ml 1 quantity and Lorazepam injection 2 mg/ml 1 quantity which are

(Thorazine) anti-psychotic med, (Benadryl) an antihistamine and Lorazepam injection date 4/19/15, 4/17/15, 4/6/2015 before 5/6/2015 plea agreement.

(Doc. 1, at PageID 6-8).

Respondent asserts that petitioner's claims are barred by the statute of limitations, procedurally defaulted, and/or fail on the merits.  "[F]ederal courts are not required to address a procedural . . . issue before deciding against the petitioner on the merits."  *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).  Because an analysis of the procedural issues raised by respondent would overlap with the merits of petitioner's claims, the Court will proceed to the merits.[3]

## III.     THE HABEAS PETITION SHOULD BE DENIED.

In this federal habeas case, the applicable standard of review governing the adjudication of constitutional issues raised by petitioner to the state courts is set forth in 28 U.S.C. § 2254(d). Under that provision, a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits by the state courts unless the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

---

[3]Respondent contends that the instant petition is subject to dismissal on the grounds that it fails to comply with the pleading requirements of Rule 2(c) of the Rules Governing Section 2254 Cases.  (*See* Doc. 5, at PageID 263). The Court, however, need not make this determination.  As explained below, even liberally construing petitioner's claims, petitioner has failed to establish a basis for habeas corpus relief.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)) (holding that pro se pleadings are to be "held to 'less stringent standards than formal pleadings drafted by lawyers'").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Otte v. Houk,* 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor,* 529 U.S. 362, 412–13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599–600 (quoting *Williams,* 529 U.S. at 413).

The statutory standard, established when the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted, is a difficult one for habeas petitioners to meet. *Id.* at 600. As the Sixth Circuit explained in *Otte*:

> Indeed, the Supreme Court has been increasingly vigorous in enforcing AEDPA's standards. *See, e.g., Cullen v. Pinholster,* __ U.S. __, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) (holding that AEDPA limits a federal habeas court to the record before the state court where a claim has been adjudicated on the merits by the state court). It is not enough for us to determine that the state court's determination is *incorrect*; to grant the writ under this clause, we must hold that the state court's determination is *unreasonable*. . . . This is a "substantially higher threshold.". . . To warrant AEDPA deference, a state court's "decision on the merits" does not have to give any explanation for its results, *Harrington v. Richter,* __ U.S. __, 131 S.Ct. 770, 784, 178 L.Ed.2d 624 (2011), nor does it need to cite the relevant Supreme Court cases, as long as "neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (per curiam).

*Id.* (emphasis in original). The Supreme Court extended its ruling in *Harrington* to hold that when a state court rules against a defendant in an opinion that "addresses some issues but does not expressly address the federal claim in question," the federal habeas court must presume,

5

subject to rebuttal, that the federal claim was "adjudicated on the merits" and thus subject to the "restrictive standard of review" set out in § 2254(d).  *See Johnson v. Williams*, 568 U.S. 289, 292 (2013).

Although the standard is difficult to meet, § 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents."  *Harrington v. Richter*, 562 U.S. 86, 102 (2011).  In other words, to obtain federal habeas relief under that provision, the state prisoner must show that the state court ruling on the claim presented "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id.* at 103.

The Supreme Court has made it clear that in assessing the merits of a constitutional claim under § 2254(d), the federal habeas court must apply the Supreme Court precedents that controlled at the time of the last state-court adjudication on the merits, as opposed to when the conviction became "final."  *Greene v. Fisher*, 565 U.S. 34, 38–40 (2011); *cf. Otte,* 654 F.3d at 600 (citing *Lockyer v. Andrade,* 538 U.S. 63, 71-72 (2003)) (in evaluating the merits of a claim addressed by the state courts, the federal habeas court must "look to Supreme Court cases already decided at the time the state court made its decision").  In *Greene*, 565 U.S. at 38, the Court explained:

> [W]e held last term in *Cullen v. Pinholster*, 563 U.S. _, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the prisoner's claim on the merits.  We said that the provision's "backward-looking language requires an examination of the state-court decision at the time it was made."  *Id.*, at _, 131 S.Ct. at 1398.  The reasoning of

6

*Cullen* determines the result here.  As we explained, § 2254(d)(1) requires federal courts to "focu[s] on what a state court knew and did," and to measure state-court decisions *as of 'the time the state court renders its decision.'*"  *Id.*, at __, 131 S.Ct. at 1399 (quoting *Lockyer v. Andrade,* 538 U.S. [at] 71-72 . . .; emphasis added).

Decisions by lower courts are relevant "to the extent [they] already reviewed and interpreted the relevant Supreme Court case law to determine whether a legal principle or right had been clearly established by the Supreme Court."  *Otte*, 654 F.3d at 600 (quoting *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).  The writ may issue only if the application of clearly established federal law is objectively unreasonable "in light of the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state court decision." *McGhee v. Yukins,* 229 F.3d 506, 510 (6th Cir. 2000) (citing *Williams,* 529 U.S. at 412).

## A.    Grounds One and Two

In Ground One, petitioner asserts:  "Robin experienced fevers prior to her demise week before her passing."  (Doc. 1, at PageID 8).  In Ground Two, petitioner asserts:  "Documents of my child smother with a pillow but, with (sic) evidence of this described pillow ever being tested."  (Doc. 1, at PageID 6).  Petitioner has waived both grounds for relief by virtue of her voluntary and knowing guilty plea.[4]

Construed liberally, *see Estelle*, 429 U.S. at 106, Grounds One and Two can be read to assert that insufficient evidence supports petitioner's convictions and that counsel performed ineffectively by failing to adequately investigate potential defenses before recommending that petitioner plead guilty to the amended and reduced charges.

---

[4]The Court notes that petitioner has challenged the voluntariness of her guilty plea in Ground Three.  The merits of that claim are addressed below.

A guilty or no-contest plea involves a waiver of many substantial constitutional rights, including the right to a trial by jury where the State has the burden of proving the defendant's guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. *Fautenberry v. Mitchell,* 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin v. Alabama,* 395 U.S. 238, 243 (1969)). There is "no constitutional requirement that the State prove the guilt of a defendant who pleads no contest." *Post v. Bradshaw,* 621 F.3d 406, 427 (6th Cir. 2010). By forfeiting one's right to a jury trial, as well as the rights to confront adverse witnesses and to present evidence in one's defense, a criminal defendant waives any objection to the sufficiency of the evidence. *See id.* at 426-27; *see also Render v. Warden, S. Ohio Corr. Facility,* 889 F. Supp.2d 1014, 1032 (S.D. Ohio Aug. 22, 2012) (Spiegel, J.); *cf. United States v. Whitelaw,* 376 F. App'x 584, 592 (6th Cir. 2010).

As such, to the extent that petitioner challenges in Grounds One and Two the sufficiency of the evidence underlying her convictions, she has waived that claim by her plea of guilty. *See Post,* 621 F.3d at 427. Similarly, to the extent that petitioner asserts in Grounds One and Two that counsel was ineffective for failing to investigate potential defenses to the charges, such claims have been waived by petitioner's guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. July 15, 2016) (finding that the petitioner's claims "that his counsel was ineffective for failing 'to investigate,' 'to subpoena witnesses,' 'to oppose adverse ruling to the SCT,' 'to present evidence,' and 'to discover intimate evidence'" involved pre-plea matters and were waived by the petitioner's guilty plea); *United States v. Stiger*, 20 F. App'x 307, 309 (6th Cir. 2001) (finding claims that counsel was ineffective for failing to investigate were waived by guilty plea); *cf. Anglemyer v.*

8

*Perry*, No. 2:17-CV-136, 2019 WL 6970984, at *5 (W.D. Mich. Nov. 15, 2019) (claims regarding "counsel's failure to challenge illegal searches and seizures or raise the defense of entrapment . . . challenge the fact of Petitioner's guilt, not the voluntary and intelligent character of his plea" and are waived by guilty plea), *report and recommendation adopted,* No. 2:17-CV-136, 2019 WL 6913328 (W.D. Mich. Dec. 19, 2019); *Gonzales v. Larson*, No. 5:1cv14491, 2014 WL 2968100, at *8 (E.D. Mich. July 1, 2014) (finding claims that counsel failed to investigate possible defenses were waived by guilty plea).[5]

Accordingly, Grounds One and Two should be denied.[6]

**B.      Ground Three**

In Ground Three, petitioner asserts:  "I was placed several psychiatric, medicines on 08/16/2013 a day after processed into County Jail up until 05/13/2015."  (Doc. 1, at PageID 7).

---

[5] Even assuming, *arguendo*, that Grounds One and Two were subject to a merits review, petitioner has not established that they are meritorious.  Petitioner's pleadings indicate that her statements to police which were the subject of her unsuccessful motion to suppress included self-incriminating statements.  (*See* Doc. 6, at PageID 280; *see also* Doc. 4-1, Transcript of Change of Plea Hearing, at PageID 210 (petitioner's counsel indicating "I know the Court in the Motion to Suppress reviewed the video statement of Ms. Cottingham, and there were two separate acts in there that we agree support the offenses.")).  Given petitioner's self-incriminating statements to police, she has failed to demonstrate that a "reasonable probability" exists that, but for her counsel's alleged failure to investigate the two asserted defenses, she would not have pleaded guilty and would have insisted on going to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (applying *Strickland v. Washington*, 466 U.S. 668 (1984), to a claim of ineffective assistance in the guilty plea context).

[6] In her supporting facts for Ground Two, petitioner states:  "At arrest reports of, Ms. Janishcia Cottingham in a 'somewhat catatonic state' before being interrogated."  (Doc. 1, at PageID 6).  It is not clear whether petitioner seeks through this statement to challenge the trial court's finding that she was competent to waive her *Miranda* rights.  (*See* Doc. 4, Ex. 12).  Assuming, without deciding, that petitioner seeks to raise such a claim and that such a claim would meet the requirements of Habeas Rule 2 and survive petitioner's guilty plea, the claim would nonetheless be without merit.  "A state-court determination of competence is a factual finding, to which deference must be paid." *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) (citing *Thompson v. Keohane*, 516 U.S. 99, 108-11 (1995)).  Petitioner's conclusory statement fails to provide clear and convincing evidence to contradict the state court's determination that she "was capable of understanding and waiving her Miranda rights." (Doc. 4, Ex. 12).  *See Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001) (citing 28 U.S.C § 2254(e)(1)).  As such, the Court must defer to the state court's factual finding of competence.

The Court understands Ground Three to be challenging the voluntariness of petitioner's guilty plea. *See Estelle*, 429 U.S. at 106.

The Fourteenth Amendment's Due Process Clause guarantees that a guilty plea must be made voluntarily and intelligently with sufficient awareness of the relevant circumstances and likely consequences. *Boykin,* 395 U.S. at 242; *see also Brady v. U.S.,* 397 U.S. 742, 748 (1970); *King v. Dutton,* 17 F.3d 151, 153 (6th Cir. 1994). "[A] plea does not qualify as intelligent unless a criminal defendant first receives 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Smith v. O'Grady,* 312 U.S. 329, 334 (1941)). In *Brady,* the Supreme Court adopted the following standard for determining the voluntariness of a guilty plea:

> [A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

*Brady,* 397 U.S. at 755 n.13 (quoting *Shelton v. United States,* 246 F.2d 571, 572 n.2 (5th Cir. 1957) (en banc), *rev'd on other grounds,* 356 U.S. 26 (1958)). The voluntariness of a guilty plea must be assessed in light of all the relevant circumstances surrounding the plea. *Brady,* 397 U.S. at 749; *King,* 17 F.3d at 153 (and cases cited therein).

For a guilty plea to be deemed voluntarily entered with a "sufficient awareness of the relevant circumstances and likely consequences," the defendant must be correctly informed of the maximum sentence that could be imposed. *King,* 17 F.3d at 154; *Hart v. Marion Corr. Instit.,* 927 F.2d 256, 259 (6th Cir. 1991). Although the defendant must be apprised of such

10

"direct consequences" of the plea, the court is under no constitutional obligation to inform the defendant of all the possible "collateral consequences" of the plea. *King,* 17 F.3d at 153; *see also El-Nobani v. United States,* 287 F.3d 417, 421 (6th Cir. 2002). "When a defendant subsequently brings a federal habeas petition challenging his plea, the state generally satisfies its burden by producing a transcript of the state court proceeding." *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). As the Supreme Court noted in *Blackledge v. Allison,* 431 U.S. 63 (1977):

> [T]he representations of the defendant, his lawyer, and the prosecutor at [the guilty plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Id.* at 73-74 (internal citations omitted).

Petitioner appears to assert that the medications administered to her in jail rendered her plea involuntary. "A defendant may not be put to trial unless he 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [and] a rational as well as factual understanding of the proceedings against him.'" *Cooper v. Oklahoma,* 517 U.S. 348, 354 (1996) (alterations in original) (quoting *Dusky v. United States,* 362 U.S. 402, 402 (1960) (per curiam)). The same standard applies to determining competence to plead guilty. *Godinez v. Moran,* 509 U.S. 389, 398 (1993). A state court's finding that a plea was valid is a factual finding and is entitled to a presumption of correctness. *Railey v. Webb*, 540 F.3d 393, 417 (6th Cir. 2008).

11

"Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." *Burket v. Angelone*, 208 F.3d 172, 192 (4th Cir. 2000) (quoting *United States ex rel. Foster v. DeRobertis*, 741 F.2d 1007, 1012 (7th Cir.1984)); *cf. Miles v. Dorsey*, 61 F.3d 1459, 1474 (10th Cir. 1995); *Hastings v. Yukins*, 194 F.Supp.2d 659, 671–672 (E.D. Mich. 2002). "[T]he fact that the petitioner has been treated with anti-psychotic drugs does not *per se* render him incompetent to stand trial." *Burket,* 208 F.3d at 192.

Here, a review of the transcript from the change of plea hearing (*See* Doc. 4-1, at PageID 207-35) reveals that petitioner was lucid and articulate in her responses to the Court's questions. Petitioner indicated that she had discussed her guilty plea with counsel (Doc. 4-1, at PageID 213-14, 223), understood the plea and the rights she was waiving (Doc. 4-1, at PageID 219-23), and understood the nature and consequences of the proceeding (Doc. 4-1, at PageID 212-19). Although petitioner asserts that she was "placed several psychiatric, medicines on 08/16/2013 a day after processed into County Jail up until 05/13/2015" (Doc. 1, at PageID 7), she answered that she was not under the influence of any drugs, medications, or alcohol at the time of her plea, when asked by the trial court.  (*See* Doc. 4-1, at PageID 212).  Nor has petitioner presented any evidence indicating that she lacked the ability to consult with her attorneys at the change of plea hearing or lacked a rational and factual understanding of the proceedings against her.  *Cooper,* 517 U.S. at 354.  Accordingly, petitioner's incompetency claim is without merit.  *See United States v. Calvin,* 20 F. App'x 452, 453 (6th Cir.2001).

Ground Three should be denied.

12

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be

**DENIED** with prejudice.

2.  A certificate of appealability should not issue with respect to the claims alleged in the

petition, which this Court has concluded are waived and thus procedurally barred from review,

because under the first prong of the applicable two-part standard enunciated in *Slack v.*

*McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether

this Court is correct in its procedural ruling.[7]  In addition, a certificate of appealability should not

issue with respect to the claims addressed on the merits herein in the absence of a substantial

showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that

the issues presented are "adequate to deserve encouragement to proceed further."  *See Slack*, 529

U.S. at 475 (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C.

§ 2253(c); Fed. R. App. P. 22(b).

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

this Report and Recommendation would not be taken in "good faith," and therefore **DENY**

petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R.

App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  8/17/2021

Karen L. Litkovitz
United States Magistrate Judge

---

[7]Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief.  *See Slack*, 529 U.S. at 484.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JANISHCIA COTTINGHAM,                                  Case No. 1:21-cv-97
      Petitioner,

                                        Barrett, J.
      vs.                                             Litkovitz, M.J.

WARDEN, OHIO
REFORMATORY FOR WOMEN,
      Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).