# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JANISHCIA COTTINGHAM, | : |
| *Petitioner,* | : Case No. 1:21-cv-97 |
| vs. | : Judge Jeffery P. Hopkins |
| WARDEN, Ohio Reformatory for Women, | : |
| *Respondent.* | : |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation (Doc. 7) issued on August 17, 2021, by Chief Magistrate Judge Karen L. Litkovitz. The Magistrate Judge recommends that the Petitioner's *pro se* petition for writ of habeas corpus be dismissed with prejudice. Petitioner has objected. Doc. 9. For the reasons explained below, Petitioner's objections are **OVERRULED**, and the Magistrate Judge's R&R is **ADOPTED** in its entirety.

### I. BACKGROUND

On August 22, 2013, following the death of her infant child, a grand jury in Hamilton County, Ohio returned a three-count indictment against Petitioner for aggravated murder (count one), murder (count two), and felonious assault (count three). Doc. 4, PageID 57–58. Through counsel, Petitioner entered a plea of not guilty by reason of insanity. *Id.* at PageID 60. Petitioner's counsel then filed a suggestion of incompetence. *Id.* at PageID 61. On October 10, 2013, the trial court determined that Petitioner was not competent to stand trial and ordered that she undergo treatment. *Id.* at PageID 64. The trial court later found Petitioner was competent to proceed after she completed treatment. *Id.* at PageID 65.

After resolution of evidentiary challenges, Petitioner waived her right to trial by jury, withdrew her plea of not guilty, and entered a plea of guilty. *Id.* at PageID 66–83. She pled to amended charges, which included involuntary manslaughter (count one), felonious assault (count two), and child endangering (count three), and an agreed sentence of twenty years imprisonment. *Id.* The trial court sentenced Petitioner consistent with that agreement. *Id.* at PageID 88. Petitioner did not appeal but filed a *pro se* motion for leave to file a delayed appeal with the First District Court of Appeals. *Id.* at PageID 91. The First District Court of Appeals denied that motion, and the Ohio Supreme Court declined to accept jurisdiction. *Id.* at PageID 104, 125. Petitioner's state post-convictions efforts also failed. *Id.* at PageID 127–42.

Now before the Court is the petition for writ of habeas corpus, wherein Petitioner pleads these grounds for relief:

> **Ground One: Robin experienced fevers prior to her demise week before her passing.**
>
> > **Supporting Facts:** Cincinnati Children's Hospital Medical Center records of 08/09/2013 with Pt. Robin Cottingham 15 mos. w/ her parent Janishcia Cottingham. She experience fever and cold symptoms. Fever up to 101 at daycare yesterday. Also documents on how I am her only active parent her whole life with no support from family or friends.
>
> **Ground Two: Documents of my child smother with a pillow but, with (*sic*) evidence of this described pillow ever being tested.**
>
> > **Supporting Facts:** Letter from Hamilton County Coroner stating no analytical report with that description in our system. At arrest reports of, Ms. Janishcia Cottingham in a "somewhat catatonic state" before being interrogated.
>
> **Ground Three: I was placed several psychiatric, medicines on 08/16/2013 a day after processed into County Jail up until 05/13/2015.**
>
> > **Supporting Facts:** I signed a plea deal of twenty year sentence after receiving two Thorazine injection both 25 mg/ml 4

>quantity, three Diphenhydramine injection 50 mg/ml 1 quantity and Lorazepam injection 2 mg/ml 1 quantity which are (Thorazine) anti-psychotic med, (Benadryl) an antihistamine and Lorazepam injection date 4/19/15, 4/17/15, 4/6/2015 before 5/6/2015 plea agreement.

*See* Doc. 1.

## II. STANDARD OF REVIEW

A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). Review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). If presented with a proper objection, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## III. LAW & ANALYSIS

The Magistrate Judge recommends that this Court deny all three grounds for relief because (1) Petitioner entered a knowing and voluntary guilty plea, and (2) by entering a knowing and voluntary plea, Petitioner waived her right to challenge the sufficiency of the evidence and the effectiveness of counsel in investigating potential defenses. *See* Doc. 7. Because the former instructs the latter, the Court will turn first to Petitioner's third ground for relief, which relates to the voluntariness of her guilty plea.

### A. Third Ground for Relief

Petitioner appears to challenge the voluntariness of her guilty plea by alleging that she received various medicine injections in the month before her plea. Doc. 7, PageID 323.

The Fourteenth Amendment's Due Process Clause requires that a guilty plea be made voluntarily and intelligently. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). Thus, to be valid, the plea must be made with knowledge of the "relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). "Determining whether a plea was made voluntarily requires an evaluation of all the relevant circumstances surrounding the plea." *King*, 17 F.3d at 153 (citing *Caudill v. Jago*, 747 F.2d 1046, 1050 (6th Cir. 1984); *Brown v. Perini*, 718 F.2d 784, 788–89 (6th Cir. 1983)).

Having reviewed the transcript from the change of plea hearing, this Court agrees that Petitioner's plea was made voluntarily and intelligently. Perhaps most relevant to her petition, Petitioner affirmed on the record during the hearing that she was not under the influence of any drugs, medications, or alcohol at the time of her plea. Doc. 4-1, PageID 212, 19:21–24. Beyond that, Petitioner was fully informed of her rights and the consequences of her plea. *Id.* at 18:14–19:10, 21:23–26:17, 26:25–29:19. She affirmed that she signed her plea form of her own free will. *Id.* at 30:14–16. And upon further inquiry by the Court, Petitioner indicated that she was satisfied with the representation by her counsel. *Id.* at 20:14–21:15. The record in no way suggests that Petitioner's plea was anything other than knowing and voluntary.

Accordingly, her objections are overruled and her third ground for relief is denied.

### B. First and Second Grounds for Relief

This Court also agrees with the Magistrate Judge's interpretation of the Petitioner's first and second grounds for relief. In those grounds for relief, Petitioner appears to assert that

4

insufficient evidence supports Petitioner's convictions. Doc. 7, PageID 320. And in her objections, Petitioner urges this Court to review certain evidence. Doc. 9.

As here, when a defendant enters an unconditional guilty plea, that defendant waives the right to object to the sufficiency of the evidence. *United States v. Martin*, 526 F.3d 926, 931–33 (6th Cir. 2008); *see also Post v. Bradshaw*, 621 F.3d 406, 426–27 (6th Cir. 2010); *Marin v. Brewer*, No. 16-2420, 2017 WL 4677506, at *2 (6th Cir. April 28, 2017) ("Because [the defendant] entered his guilty plea voluntarily and intelligently, as set forth above, and without any conditions, reasonable jurists could not disagree with the district court's conclusion that he waived his insufficiency-of-the-evidence challenge."). Petitioner entered a knowing and voluntary plea, and therefore waived her ability to challenge the sufficiency of the evidence.

Additionally, to the extent that Petitioner alleges her counsel performed ineffectively by failing to adequately investigate potential defenses before her guilty plea, that too lacks support. Indeed, "[w]hen a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty of the offense with which [s]he is charged, [s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This applies to claims relating to a failure to investigate. *See Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. July 15, 2016) (arguments that counsel was ineffective for failing "to investigate," "to subpoena witnesses," "to oppose adverse ruling to the SCT," "to present evidence," and "to discover intimate evidence" involved pre-plea matters and were therefore waived because of the guilty plea); *United States v. Stiger*, 20 F. App'x 307, 308–09 (6th Cir. 2001).

Accordingly, Petitioner's first and second grounds for relief are denied.

5

**IV.     CONCLUSION**

For these reasons, the Court **OVERRULES** Petitioner's objections (Doc. 9) and **DISMISSES** the petition (Doc. 1) with prejudice. This Court **CERTIFIES** that an appeal would be objectively frivolous and therefore Petitioner should not be permitted to proceed *in forma pauperis*. To the extent that Petitioner requests discovery, that request is **DENIED**. Additionally, any new issues that Petitioner raised in her objections are deemed waived. *See Hicks v. Fed. Bureau of Prisons*, No. 16–3907, 2017 WL 3468368, at *1 (6th Cir. June 5, 2017) (citing *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517 (6th Cir. 2010)).

**IT IS SO ORDERED.**

Dated:  September 10, 2024

Hon. Jeffery P. Hopkins
United States District Judge